MATTHEW G. BAGLEY (6820)
6141 W. INDIAN PONY WAY
HERRIMAN, UT 84096
TELEPHONE: (801) 819-5686
ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Ginger Johnstun,<br><br>  Plaintiff,<br><br>v.<br><br>Verizon Wireless Services, LLC; Volkswagen Credit, Inc.; Experian Information Solutions, Inc.; TransUnion, LLC, and Equifax Information Services, LLC,<br><br>  Defendants, | Case No.: 1:25cv62 |

### INTRODUCTION

1.  This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on Plaintiff's consumer credit report, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, thereby damaging Plaintiff.

### PARTIES

2.  Plaintiff is, and was at all times hereinafter mentioned, a resident of Weber County, Utah.

3.  At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined

by 15 U.S.C. §1681a(c).

4. Defendant, Verizon Wireless Services, LLC, (hereinafter "Verizon") is a corporation operating under the laws of the State of Utah and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

5. Defendant, Volkswagen Credit, Inc., (hereinafter "VW Credit") is a corporation operating under the laws of the State of Utah and is a financial institution and a furnisher of consumer credit information to consumer reporting agencies.

6. At all times pertinent hereto, Verizon and VW Credit were each a "person" as that term is defined in 15 U.S.C. §1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

7. Defendant, Experian Information Solutions, Inc., ("Experian") is a credit reporting agency, licensed to do business in Utah.

8. Defendant, Equifax Information Services, LLC, ("Equifax") is a credit reporting agency, licensed to do business in Utah.

9. Defendant, TransUnion, LLC, ("Transunion") is a credit reporting agency, licensed to do business in Utah.

10. Defendants Experian, Equifax, and Transunion are, and at all times relevant hereto were, regularly doing business in the State of Utah.

11. Defendants Experian, Equifax, and Transunion are regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681d, to third parties.

12. Defendants Experian, Equifax, and Transunion furnish such consumer reports to third parties under contract for monetary compensation.

13. At all times pertinent hereto, Defendants Experian, Equifax, and Transunion each were a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

15. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Weber County, Utah and Defendants do business in Utah.

16. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

## FACTUAL ALLEGATIONS

17. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Verizon, VW Credit, Experian, Equifax, and Transunion (collectively, "Defendants"), and has suffered particularized and concrete harm.

18. Defendants Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

19. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

20. Defendants Experian, Equifax, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

21. In March 2025, Plaintiff discovered a Verizon account, account number beginning 773912, (the "Verizon Account") being reported in error – specifically the Account is unknown to Plaintiff and believed to be the product of fraud.

22. In March 2025, Plaintiff discovered Plaintiff's VW Credit account, account number beginning 811918, (the "VW Account") being reported in error – specifically the VW Account is reporting late payments for January 2025 and February 2025.

23. Plaintiff made timely payments to the VW Account in December 2024 and

3

January 2025.

24. The VW Account was paid off in February 2025.

25. Despite receiving timely payment and the full benefit of payoff on the VW Account, VW Credit continues to report late payments for January 2025 and February 2025.

26. The false and misleading information regarding the Accounts appearing on Plaintiff's consumer reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

PLAINTIFF'S WRITTEN DISPUTE

27. In March 2025 Plaintiff sent a written dispute to Defendant Experian ("Experian Dispute"), disputing the inaccurate information regarding the Verizon Account and VW Account (hereinafter the "Accounts") reporting on Plaintiff's Experian consumer report.

28. In March 2025 Plaintiff sent a written dispute to Defendant Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the VW Account reporting on Plaintiff's Equifax consumer report.

29. In March 2025 Plaintiff sent a written dispute to Defendant Transunion ("Transunion Dispute"), disputing the inaccurate information regarding the Verizon Account reporting on Plaintiff's Transunion consumer report.

30. Despite the clarity and detail provided in the Experian Dispute, Equifax Dispute, and Transunion Dispute (together, the "Written Disputes"), the Accounts continue to appear on Plaintiff's Equifax, Experian, and/or Transunion consumer report with inaccurate and misleading information.

31. Upon information and belief, Defendant Experian forwarded Plaintiff's Experian Dispute to Defendants Verizon and VW Credit.

32. Upon information and belief, Defendant Equifax forwarded Plaintiff's Equifax Dispute to Defendant VW Credit.

33. Upon information and belief, Defendant Transunion forwarded Plaintiff's Transunion Dispute to Defendant Verizon.

34. Upon information and belief, Defendant Verizon received notification of Plaintiff's Written Disputes from Defendants Experian and Transunion.

35. Upon information and belief, Defendant VW Credit received notification of Plaintiff's Written Disputes from Defendants Experian and Equifax.

36. Defendant Verizon did not conduct an investigation, contact Plaintiff, contact third-parties, or review the underlying Verizon Account information with respect to the disputed information and the accuracy of the Verizon Account.

37. Defendant VW Credit did not conduct an investigation, contact Plaintiff, contact third-parties, or review the underlying VW Credit Account information with respect to the disputed information and the accuracy of the VW Credit Account.

38. Defendants Experian, Equifax, and Transunion did not conduct an investigation, contact Plaintiff, contact third-parties, or review the underlying account information with respect to the disputed information and the accuracy of the Accounts.

39. Upon information and belief, Defendant Verizon failed to instruct Defendants Experian and Transunion to remove the false and misleading information regarding the Verizon Account reporting on Plaintiff's consumer report.

40. Upon information and belief, Defendant VW Credit failed to instruct Defendants Experian and Equifax to remove the false and misleading information regarding the VW Credit Account reporting on Plaintiff's consumer report.

41. Defendants Experian, Equifax, and Transunion each employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Written Disputes.

42. At no point after receiving the Written Disputes did Defendants Verizon, VW Credit, and/or Experian, Equifax, and Transunion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Written Disputes.

43. Defendants Experian, Equifax, and Transunion relied on their own judgment and the information provided to them by Defendant Verizon rather than grant credence to the information provided by Plaintiff.

44. Defendants Experian, Equifax, and Transunion published the false information regarding the Accounts to third parties.

### COUNT I – EXPERIAN, EQUIFAX, AND TRANSUNION

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving the Written Disputes, Defendants Experian, Equifax, and Transunion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

47. Defendants Experian, Equifax, and Transunion each violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48. As a result of this conduct, action and inaction of Defendants Experian, Equifax and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. Defendants Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, Defendants Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian,

Equifax, and Transunion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN, EQUIFAX, AND TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. After receiving the Written Disputes, Defendants Experian, Equifax, and Transunion failed to correct the false information regarding the Accounts reporting on Plaintiff's consumer reports.

54. Defendants Experian, Equifax, and Transunion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

55. As a result of this conduct, action and inaction of Defendants Experian, Equifax, and Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56. Defendants Experian, Equifax, and Transunion's conduct, action, and inaction was willful, rendering Experian, Equifax, and Transunion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

57. In the alternative, Defendants Experian, Equifax, and Transunion were each negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

58. Plaintiff is entitled to recover costs and attorneys' fees from Defendants Experian, Equifax, and Transunion pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT III – VERIZON

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

59. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

60. After receiving the Disputes from Defendants Experian and Transunion, Defendant Verizon failed to correct the false information regarding the Verizon Account reporting on Plaintiff's consumer report.

61. Defendant Verizon violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Verizon's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Verizon's representations to consumer credit reporting agencies, among other unlawful conduct.

62. As a result of this conduct, action, and inaction of Defendant Verizon, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

63. Defendant Verizon's conduct, action, and inaction was willful, rendering Verizon liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

64. In the alternative, Defendant Verizon was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

65. Plaintiff is entitled to recover costs and attorney's fees from Defendant Verizon pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### COUNT IV – VW CREDIT

(Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

8

66. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

67. After receiving the Disputes from Defendants Experian and Equifax, Defendant VW Credit failed to correct the false information regarding the VW Credit Account reporting on Plaintiff's consumer report.

68. Defendant VW Credit violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of VW Credit's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of VW Credit's representations to consumer credit reporting agencies, among other unlawful conduct.

69. As a result of this conduct, action, and inaction of Defendant VW Credit, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

70. Defendant VW Credit's conduct, action, and inaction was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

71. In the alternative, Defendant VW Credit was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

72. Plaintiff is entitled to recover costs and attorney's fees from Defendant VW Credit pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violations;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:   May 12, 2025

/s/ Matthew G. Bagley
Matthew G. Bagley